UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANG LE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | MISC. ACTION H-14-2444 |
| | § | |
| UNITED STATES INTERNAL | § | |
| REVENUE SERVICE, *et al.,* | § | |
| | § | |
| *Respondents*. | § | |

**ORDER**

Pending before the court are petitioner's petition to quash summonses (Dkt. 1) and respondent, United States of America's motion to dismiss (Dkt. 2). After considering the motions and applicable law, the court finds that the petition to quash should be DENIED and that the motion to dismiss should be GRANTED.

The Internal Revenue Service ("IRS") issued a summons to Wells Fargo Bank, N.A. in furtherance of an investigation to collect the tax liability of petitioner for the tax periods ending December 31, 2007 and December 31, 2008. Dkt. 2, Exs. 1-2. Thereafter, petitioner filed a "Petition to Quash Summonses" against the IRS alleging that his financial records are private and sought for an impermissible purpose. Dkt. 1, pp. 2-3. Further, he contends that the summons is overly broad and that the IRS failed to comply with the procedural requirements of Title 26. *Id.* The United States of America, on behalf of the IRS, filed its motion to dismiss on the grounds that the court lacks subject matter jurisdiction and that this action is barred by sovereign immunity. Dkt. 2.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th

Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The IRS is granted wide latitude to issue summonses. *See* 26 U.S.C. § 7602. Section 7609(a) contains a general requirement that, "[i]f any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to . . . any person (other than the person summoned) who is identified in the summons," the person so identified must be served with notice and a copy of the summons. *Id.* § 7609(a)(1). Section 7609(b)(2) grants persons entitled to such notice the ability to file a petition to quash a third-party summons. *Id.* § 7609(b)(2)(A). Federal district courts in which the person summoned resides are vested with subject matter jurisdiction to hear a petition to quash under section 7609(b)(2). *Id.* § 7609(h)(1).

However, section 7609(c) contains exceptions to the notice requirement. *Id.* § 7609(c)(2). One of these exceptions is "any summons issued in aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." *Id.* § 7609(c)(2)(D)(i). Therefore, the United States does not waive its sovereign immunity with respect to petitions to quash third-party summonses issued in aid of collection of tax assessments, and district courts lack subject matter jurisdiction to hear such petitions brought by the assessed taxpayer. *See Trowbridge v. I.R.S.*, No. 4:13–cv–1850, 2013 WL 6002205, at *2–*4 (S.D. Tex. Nov. 12, 2013); *Taylor v. United States*, 292 F. App'x 383, 385 (5th Cir. 2008) (observing that "[c]ourts have held that an action to quash a summons issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity" and holding that no such waiver occurred where a § 7609(c)

2

exception applied) (citing *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999)). Revenue Officer Miguel Pineda submitted a declaration, averring that the summons was issued to Wells Fargo in aid of the collection of an assessment of tax liability made against Trang Le. Dkt. 2, Ex. 1. Petitioner does not dispute that a tax assessment has been made against him for this period. Therefore, petitioner has not met his burden establishing that this court has subject matter jurisdiction.

Accordingly, the court DENIES petitioner's petition to quash summonses (Dkt. 1) and GRANTS the respondent's motion to dismiss (Dkt. 2). Any additional relief sought by petitioner is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 13, 2015.

_____
Gray H. Miller
United States District Judge